# Bastin Telephone Company v. Davidson, Mayor, et al.

(Decided May 29, 1917.)

## Appeal from Garrard Circuit Court.

Mandamus—Municipal Corporations—Granting of Franchise—Telegraphs and Telephones.—Since the granting of a franchise is a legislative act, to be exercised or not as the legislative body may determine, mandamus will not lie to compel the mayor and members of the board of council of a city to offer a telephone franchise for sale.

L. L. WALKER and HAZELWOOD & JOHNSON for appellant.

J. E. ROBINSON, G. B. SWINEBROAD, H. C. KAUFFMAN, and G. C. WALKER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a suit by the Bastin Telephone Company against the mayor and members of the board of council of the city of Lancaster to compel them to offer for sale a franchise to operate a telephone system in that city. Being denied the relief prayed for, plaintiff appeals.

It appears from the petition that a license or privilege to conduct a telephone system in the city of Lancaster was first granted by the board of council of that city to Dr. J. B. Kinnaird in 1897. Thereafter he installed a telephone system and continued to operate it until it was purchased by A. H. Bastin, who subsequently assigned his rights therein to plaintiff. Since that time plaintiff has enlarged the system at a great expense. It now has about 600 telephones in actual use and a plant worth $30,000.00 or $40,000.00. During all of this time it has had no legal franchise, but has operated under a mere license. It has repeatedly demanded of the mayor and the members of its board of council to offer for sale a telephone franchise, but in each instance they have arbitrarily refused to do so. No constitutional franchise has ever been sold or offered for sale by the city. The petition concludes with a prayer for a mandamus, compelling defendants to meet and pass an ordinance offering for sale a just and reasonable franchise, granting the privilege of installing and operating a telephone system in said city.

In support of its right to a mandamus, plaintiff relies on the cases of Louisville Home Telephone Co. v.

City of Louisville, 130 Ky. 611, 113 S. W. 855, and Christian-Todd Telephone Co. v. Commonwealth, For Use, &c., 156 Ky. 557, 161 S. W. 543. In the first mentioned case the general council of Louisville adopted an ordinance, charging the board of public works of that city with the duty of advertising and selling a telephone franchise provided for in the ordinance. Inasmuch as the general council had exercised its discretion in ordering the sale of the franchise and imposed upon the board of public works, a mere ministerial body, the legal duty to advertise and sell the franchise, it was held that a mandamus would lie to compel the performance of this duty. Clearly, therefore, that case is not authority for the position that the members of the board of council may be compelled by mandamus to offer a franchise for sale. The second case mentioned above involved the construction of section 4679d of the Kentucky Statutes, which is as follows:

"TELEPHONE COMPANIES.

"1. Condemnation of land by. That any telephone company chartered and incorporated under the laws of this or any other state, partnership or individual, shall, upon making just compensation as hereafter provided, have the right to construct, maintain and operate telephone lines through any public lands of this state and on and across and along all public roads and turnpikes, and across and under any navigable waters and on and across the land of any person; Provided, That fixtures of said company shall not interfere with the travel on and along said roads, nor obstruct the navigation of said waters.

"2. If such telephone company, partnership or individual cannot obtain the right of way by contract, companies, partnerships or individuals may proceed to institute condemnation proceedings to obtain the desired right of way, which proceedings shall be substantially the same as are provided in chapter 125a (section 4679a, Kentucky Statutes), in respect to proceedings to acquire the right of way for telegraph companies.

"3. The provisions of this act shall not apply to any incorporated town or city."

Though reaching the conclusion that the above section did not authorize a telephone company to occupy the public roads of the county without obtaining a franchise from the fiscal court, we also held that if the fiscal court arbitrarily refused to offer such a franchise for sale

mandamus would lie to compel it to do so. Inasmuch, however, as sub-section 3 of the above statute provides that the act shall not apply to any incorporated town or city, it is clear that this case is not controlled by the act.

There being no statute on the subject, the question before us is controlled solely by sections 163 and 164 of the constitution, which are as follows:

"163. Streets not to be taken by private corporation without consent—exception. No street railway, gas, water, steam heating, telephone, or electric light company, within a city or town, shall be permitted or authorized to construct its tracks, lay its pipes or mains, or erect its poles, posts or other apparatus along, over, under or across the streets, alleys or public grounds of a city or town, without the consent of the proper legislative bodies or boards of such city or town being first obtained; but when charters have been heretofore granted conferring such rights, and work has in good faith been begun thereunder, the provisions of this section shall not apply.

"164. Franchise or privilege not to be granted for longer than twenty years—sale of—exception. No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years. Before granting such franchise or privilege for a term of years, such municipality shall first, after due advertisement, receive bids therefor publicly, and award the same to the highest and best bidder; but it shall have the right to reject any or all bids. This section shall not apply to a trunk railway."

It is well settled that mandamus will not lie except to compel the performance of a plain, legal duty. There is nothing in either of the above sections which makes it the duty of a municipality to sell a franchise. They merely prescribe the conditions under which a franchise must be obtained and fix the steps which shall be taken in case the council of the city determines to grant a franchise. Hence, it has been held that the granting of a franchise is a legislative act, to be exercised or not as the legislative body may determine. Keith v. Johnson, 109 Ky. 421, 59 S. W. 487. In other words, the council of each city is vested with a lawful discretion to grant or withhold a franchise, and, that being true, such discretion cannot be controlled by mandamus. It follows that the relief prayed for was properly denied.

Judgment affirmed.